# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ROBERTO BARRIENTOS a/k/a ROBERTO MARTINEZ, ID # 17044041, Petitioner, | ) ) ) ) ) |
| vs. | ) No. 3:18-CV-754-G  (BH) |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) Referred to U.S. Magistrate Judge ) ) ) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I.  BACKGROUND

Roberto Arnoldo Barrientos, aka Roberto Martinez, (Petitioner), an inmate in the Texas Department of Criminal Justice (TDCJ) Gurney Unit, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on February 21, 2018 (doc. 7). The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent). He challenges his conviction in Cause No. MB11-13388 in County Criminal Court No. 3 of Dallas County, Texas.[1]

On June 12, 2012, Petitioner was convicted of indecent exposure. *See* www.dallascounty.org (search for petitioner). The judgment was affirmed on appeal. *See Barrientos v. State*, No. 05-12-00882-CR, 2013 WL 3717801 (Tex. App. – Dallas July 12, 2013).  Although he was granted an

---

[1] Petitioner originally challenged six judgments of conviction from five different courts in No. 3:18-CV-114-G, and the judgments were severed into five separate cases. (*See* docs. 7 at 14; 14.)

extension time to file a petition for discretionary review, he did not file one. *See Barrientos v. State*, PD-1329-14 (Tex. Crim. App.)  He also did not file a state habeas corpus application.  *See* www.txcourts.gov (search for petitioner).

He now asserts that the complainant and police officer committed perjury. (*See* doc. 7 at 13.)

## II.  EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

A federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997).  It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals.  He did not raise the claims on appeal.  On appeal, his sole issue was that the evidence was insufficient to support the conviction.  *See Barrientos*, 2013 WL 3717801.  He has not filed a state habeas application.  The Court of Criminal Appeals has therefore not had an opportunity

to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED** on this 2nd day of April, 2018.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE